UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| MARTINA MORALES-RIOS, | Case No. 3:22-cv-00270-MMD-CSD |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| WAL-MART STORES, INC., | |
| Defendant. | |

**I.   SUMMARY**

Plaintiff Martina Morales-Rios sued Defendant Wal-Mart Stores, Inc. for injuries she sustained during a slip-and-fall incident at a Reno Wal-Mart store. (ECF No. 1-2.) Before the Court is Defendant's Motion for Partial Summary Judgment (ECF No. 26 ("Motion"))[1] for (1) medical expenses related to Plaintiff's paraspinal abscess, and (2) medical expenses related to Plaintiff's hospital visit for an acute urinary tract infection ("UTI") and high blood sugar. The Court will deny the Motion as to the paraspinal abscess because there are genuine issues of material fact as to causation. The Court will grant the Motion as to the UTI/high blood sugar because there is no genuine dispute that these medical issues are unrelated to and not caused by the slip-and-fall.

**II.   BACKGROUND**[2]

On May 10, 2020, Plaintiff slipped on some liquid on the floor of a Walmart store in Reno and sustained injuries. (ECF Nos. 26 at 3, 33 at 4.) As a result of this slip-and-fall, Plaintiff suffered a "concussion and experienced cervical and lumbar spine pain, upper and lower extremity pain, as well as hip pain." (ECF No. 33 at 4.) Because Plaintiff failed to respond to more conservative treatment methods, Plaintiff received an

---

[1] Plaintiff filed a response (ECF No. 33), and Defendant filed a reply (ECF No. 35).

[2] The following facts are undisputed unless noted otherwise.

interlaminar epidural steroid injection on August 31, 2020. (*Id*.) Plaintiff was subsequently hospitalized at Renown Medical Center on October 31, 2020, due to a paraspinal abscess she developed from the injection, which had to be drained by a radiologist. (*Id*.) She was hospitalized from October 31, 2020, to November 23, 2020, and had a post-op appointment on December 5, 2020. (ECF No. 26 at 3.) Plaintiff also visited the Renown emergency room on October 14, 2020, for treatment of a UTI and high blood sugar. (*Id*.)

Plaintiff asserts a single claim for negligence. (ECF No. 1-2.) Defendant seeks summary judgment as to causation on the (1) $116,189.25 in medical expenses for Plaintiff's hospitalization for her paraspinal abscess, and the (2) $7,355.25 in medical expenses for Plaintiff's hospital visit for her UTI and high blood sugar. (ECF No. 26 at 3, 13.)

## III. DISCUSSION

The Court will deny the Motion as to Plaintiff's paraspinal abscess and will grant the Motion as to Plaintiff's UTI/high blood sugar.[3]

### A. Paraspinal Abscess

Defendant argues that summary judgment is appropriate for Plaintiff's paraspinal abscess because the lumbar-spine injection Plaintiff received was an intervening act that caused the abscess and severed the chain of causation. (ECF No. 26 at 3.) Plaintiff counters that the abscess is still causally related to the slip-and-fall because she had to get the injection to treat her injuries from the incident. (ECF Nos. 33 at 6, 9.) The Court agrees with Plaintiff.

Drawing all inferences in the light most favorable to Plaintiff, the Court finds that

---

[3]"A claim for negligence in Nevada requires that the plaintiff satisfy four elements: (1) an existing duty of care, (2) breach, (3) legal causation, and (4) damages." *Turner v. Mandalay Sports Entm't, LLC*, 180 P.3d 1172, 1175 (Nev. 2008). "Causation has two components: actual cause and proximate cause." *Clark Cnty. Sch. Dist. v. Payo*, 403 P.3d 1270, 1279 (Nev. 2017) (citation omitted). "An accident occurring on the premises does not of itself establish negligence." *Sprague v. Lucky Stores, Inc*., 849 P.2d 320, 322 (Ne. 1993) (citation omitted). "Yet, a business owes its patrons a duty to keep the premises in a reasonably safe condition for use." *Id*. (citation omitted). To establish entitlement to summary judgment for negligence, "defendant need only negate one element of plaintiff's case (*i.e.*, duty, breach, causation, or damages)." *Harrington v. Syufy Enters*., 931 P.2d 1378, 1380 (Nev. 1997) (citation omitted).

2

genuine issues remain as to proximate causation for Plaintiff's paraspinal abscess. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986) (citation omitted). As support for its argument, Defendant primarily relies on a report by Plaintiff's expert, Dr. Sep Bady, who opined that "it would be unlikely that [Plaintiff] would have developed an iliopsoas abscess absent the lumbar injection." (ECF No. 26-20 at 24.) However, in that same report, Dr. Bady also opined that the lumbar injection and hospitalization were "directly related to the subject incident." (*Id.*) This is because Plaintiff only received the injection due to her "worsening low back pain and radicular symptoms" caused by the slip and fall "that did not respond to chiropractic treatments and oral medications." (*Id.*)

Since medical complications are common in slip-and-fall incidents, particularly given the seriousness and extent of Plaintiff's injuries, a reasonable factfinder could conclude that the abscess was a natural and probable consequence of Defendant's negligence, and that the botched injection was a foreseeable cause of the injury. (ECF No. 33 at 4.) *See Clark Cnty. Sch. Dist. v. Payo*, 403 P.3d 1270, 1279 (Nev. 2017) (explaining that "[p]roximate cause is defined as any cause which in natural [foreseeable] and continuous sequence unbroken by any efficient intervening cause, produces the injury complained of and without which the result would not have occurred") (citations and quotation marks omitted); *Huffey v. Phelps*, 281 P.3d 1183 (Nev. 2009) (noting that "[t]o establish proximate causation, the injury must appear to be the natural and probable consequence of the negligence, and it ought to have been foreseen in light of the attending circumstances") (citation omitted); *Vallery v. State*, 46 P.3d 66, 78 (Nev. 2002) (explaining that an intervening cause "means not a concurrent and contributing cause but a superseding cause which is itself the natural and logical cause of the harm . . . [a]n act can only be a superseding cause if it is unforeseeable") (citations omitted).

Moreover, the Nevada Supreme Court has repeatedly emphasized that the issue of proximate causation is a factual issue to be determined by the trier of fact. *See Nehls v. Leonard*, 630 P.2d 258, 260 (Nev. 1981) (citations omitted); *Frances v. Plaza Pac.*

3

*Equities, Inc.*, 847 P.2d 722, 724 (Nev. 1993) (citations omitted); *Yamaha Motor Co., U.S.A. v. Arnoult*, 955 P.2d 661, 665 (Nev. 1998) (citation omitted). Given that summary judgment on causation is disfavored and genuine disputes of material fact remain as to whether Defendant proximately caused Plaintiff's abscess, the Court denies Defendant's Motion on this issue. *See Anderson*, 477 U.S. at 256.

The Court also denies Defendant's alternative request[4] for Fed. R. Civ. P. 56(g) relief[5] because, as explained above, whether Defendant caused Plaintiff's abscess and hospitalization is genuinely in dispute. (ECF No. 26 at 17.) *See* Fed. R. Civ. P. 56(g) advisory committee's note to 2010 amendment (explaining that "the court may decide whether to apply the summary-judgment standard to dispose of a material fact that is not genuinely in dispute").

**B.    UTI/High Blood Sugar**

Defendant contends that summary judgment is proper for Plaintiff's UTI/high blood sugar hospital visit because her injuries were the result of her failure to take her diabetes medication, not the result of the slip-and-fall. (*Id*. at 16.) Because Plaintiff fails to address Defendant's argument in her response, the Court finds that there is no genuine dispute that the UTI/high blood sugar were not caused by the slip-and-fall incident.[6] (ECF No. 33.)

Defendant has satisfied its initial burden of demonstrating that there is no genuine

---

[4] In the Motion, Defendant alternatively requests that the Court issue an order "stating 1) that Plaintiff's $116,189.25 in medical expenses are causally related to Plaintiff's paraspinal abscess and 2) that Plaintiff's paraspinal abscess was proximately caused by the lumbar injection she had at Tahoe Fracture & Orthopedic Medical Clinic, Inc., on August 31, 2020." (ECF No. 26 at 17.)

[5] Rule 56(g) provides that "[i]f the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case."

[6] In the reply, Defendant contends that the Court should grant the Motion under LR 7-2(d) because Plaintiff failed to address Defendant's argument in her opposition. (ECF No. 35 at 3.) The Court disagrees, because LR 7-2(d) explicitly excludes "a motion under Fed. R. Civ. P. 56."

dispute Plaintiff's UTI and high blood sugar were not caused by the slip-and-fall. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). As support, Defendant points to Plaintiff's own medical records, which clearly and unambiguously show that her UTI/high blood sugar were caused by her chronic non-compliance with her diabetes medication. (ECF No. 26 at 7, 16.) The physician's notes from the visit states that Plaintiff's hyperglycemia "appears to be related to noncompliance" with her medication and "[h]er sugar is also likely elevated because she has a urinary tract infection." (ECF No. 26-18 at 6.) Specifically, the provider notes that Plaintiff was supposed to be on her diabetes medication, Metformin, but had not taken her medication for over a year. (*Id.* at 2, 6.) Plaintiff's other doctor, Javier Rodriguez, similarly disclosed that Plaintiff had a "history of uncontrolled Type 2 diabetes" and a "history of lack of adherence," where she stopped taking Metformin for four years. (ECF No. 26-20 at 9.) Hence, Defendant has met its initial burden of showing that there is no dispute Plaintiff's UTI/high blood sugar were caused by her failure to take her diabetes medication—not the slip-and-fall. *See id*.

However, Plaintiff fails to address Defendant's argument in her response, and has therefore failed to resist the Motion by "set[ting] forth specific facts showing that there is a genuine issue for trial." (ECF No. 33.) *Anderson*, 477 U.S. at 256. Accordingly, the Court grants Defendant's Motion as to Plaintiff's UTI/high blood sugar hospital visit. Plaintiff is therefore precluded from seeking damages related to the October 14, 2020, hospital visit. The Court also denies Plaintiff's request for Rule 56(d)[7] relief because her request is limited to her paraspinal abscess,[8] and she does not explain what the additional discovery would elicit for the UTI/high blood sugar issue. (*Id.* at 10.) *See InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 662 (9th Cir. 2020) (explaining that "[t]o prevail on a request for additional discovery under Rule 56(d), a party must show that: (1) it has set

---

[7] Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

[8] In her response, Plaintiff only requests Rule 56(d) relief "to demonstrate how [her] paraspinal abscess is causally related to the subject incident." (ECF No. 33 at 10.)

forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment") (citation and quotation marks omitted).

IV. **CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Defendant's motion for partial summary judgment (ECF No. 26) is granted in part and denied in part, as stated herein.

It is further ordered that under LR 16-5, the Court finds that it is appropriate to refer this case to Judge Craig S. Denney to conduct a settlement conference. If the parties do not settle, the Joint Pretrial Order is due within 30 days of the date that the settlement conference is held.

DATED THIS 18th Day of July 2023.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE